IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN JIYOU SUPPLY CHAIN CO. LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. 1:25-cv-06464 |
| THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Shenzhen Jiyou Supply Chain Co. LTD., hereby files this Complaint for patent infringement against the the individuals, corporations, limited liability companies, partnerships, and unincorporated associations identified on Schedule "A" attached hereto (collectively, "Defendants") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has personal jurisdiction over Defendants because, upon information and belief, Defendants have offered for sale, sold, and are continuing to sell infringing watch bands to consumers in this District.

3. Venue is proper in this judicial because Defendants are not resident in the United States and thus may be sued in any district pursuant to 28 U.S.C. § 1391(c)(3).

1

# BACKGROUND

4. This action has been filed by Plaintiff to combat e-commerce store operators who trade upon Plaintiff's patented watch band design and goodwill by making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use the same unauthorized and unlicensed product, namely the watch bands shown in Schedule A (**Exhibit 1**), that infringes Plaintiff's patented design, U.S. Patent No. D921,742 (the "Infringing Products").

### *Plaintiff Shenzhen Jiyou Supply Chain Co. LTD.*

5. Plaintiff is a corporation existing under the laws of the People's Republic of China and has a place of business at 301, Bldg. 1, Bldg. 4, Ji'antai Industrial Park, Fuqiao Area 1, Xinhe, Fuhai St., Bao'an Dist., Shenzhen, Guangdong, China.

6. Plaintiff is the owner of record of United States Patent No. D986,089S, entitled "Watch Band," which was filed on November 22, 2022, duly issued to Yujin Guo on May 16, 2023 (**Exhibit 2**, "the '089 Patent") who duly assigned the patent to Plaintiff.

7. Plaintiff is in the business of developing, marketing, selling, and distributing its patented watch band under the '089 Patent.

8. Plaintiff has expended substantial time, money, and other resources in developing and promoting its patented watch band. Plaintiff's products are distributed and sold to consumers throughout the United States, including through Plaintiff's online store at Amazon.com.

9. A screenshot of one of Plaintiff's produst listing at Amazon.com is reproduced below, in which reference to '089 Patent is highlighted.



10. Plaintiff's patented watch band has a distinctive ornamental design which is unique to Plaintiff. Upon information and belief, products with this patented design are widely recognized and exclusively associated with Plaintiff by consumers, the public and the trade.

11. Plaintiff's patented watch band are marked in compliance with 35 U.S.C. § 287(a).

*Defendants and Defendants' Unlawful Conduct*

12. Defendants are individuals and business entities who, upon information and belief, reside primarily in the People's Republic of China or other foreign jurisdictions. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

13. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of fully interactive e-commerce stores on platforms such as Amazon, Walmart, Ebay, Alibaba, and Aliexpress.

3

14. Each Defendant targets the United States, including Illinois, has offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including in Illinois and in this Judicial District, without Plaintiff's authorization or license.

15. Defendants have created numerous fully interactive commercial Internet stores operating under the online marketplace accounts and using the account names identified in Schedule A.

16. Upon information and belief, the Infringing Products are the same as the patented design when viewed in the eyes of an ordinary observer.

17. Upon information and belief and as shown in Schedule A, Defendants sell the same product when viewed in the eyes of an ordinary observer.

18. Some or all of the Defendants share common operative facts, establishing a logical relationship between Defendants, including, *inter alia*: (1) Defendants' infringing products are the same and are made of the same material; (2) Defendants' stores show identical photographs; (3) Defendants' stores lack credible information about Defendants' physical addresses; (4) Defendants' stores use identical payment and checkout methods; (5) Defendants' stores have identical layouts; and (6) Defendants' stores use nondescript names or aliases.

19. Plaintiff has not licensed or authorized Defendants to use the '089 Patent, and none of the Defendants is an authorized retailer of genuine watch band from Plaintiff.

20. On information and belief, Defendants' infringement of the '089 Patent has been willful, intentional, purposeful, and in reckless disregard of Plaintiff's rights.

## COUNT I. INFRINGEMENT OF UNITED STATES DESIGN PATENT (35 U.S.C. § 271)

21. Plaintiff repeats and incorporates by reference herein the allegations contained in the previous paragraphs of this Complaint.

22. Upon information and belief, Defendants have made, had made, used, offered for sale, imported, and/or sold, and continue to make, use, offer for sale, import, and/or sell products that infringe directly and/or indirectly the ornamental design claimed in the '089 Patent.

23. Defendants have infringed the '089 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

24. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products;

b. aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Products; and; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as Amazon, Walmart, Ebay, Alibaba, and Aliexpress (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Products;

3) That Plaintiff be awarded such damages against Defendants that are adequate to compensate Plaintiff for Defendants' infringement of the '089 Patent, but in no event less than a reasonable royalty for the use made of the invention by the Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

4) That the amount of damages awarded to Plaintiff to compensate Plaintiff for infringement of the '089 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

5) In the alternative, that Plaintiff be awarded all profits realized by Defendants from Defendants' infringement of the '089 Patent, pursuant to 35 U.S.C. § 289;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6

7) Award any and all other relief that this Court deems just and proper.

Respectfully submitted,

Dated: June 11, 2025

/s/ Longaho Wang
Longhao Wang, Esq.
ARDC No. 6316761
LW Legal LLC
150 S. Wacker Suite 2400
Chicago, IL 60606
lwang@lwlegalfirm.com
(718) 200-9474

**ATTORNEY FOR PLAINTIFF**